Commonwealth, Appellant, *v.* Somershoe.

Argued June 10, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John J. Collins,* Assistant District Attorney, with him *Ward F. Clark,* District Attorney, for Commonwealth, appellant.

*David H. Kubert,* for appellees.

OPINION BY CERCONE, J., September 11, 1969:

This is an appeal by the Commonwealth from an order of the Criminal Court of Bucks County sustaining an Application for Suppression of Evidence. The facts, as shown by the record, are as follows: On September 1, 1967, an informer telephoned the Bristol Township Police and spoke to Detective Richard Batezel. Approximately forty-five minutes after this phone call, a person appeared at the police station and identified himself to Detective Batezel as the informer who had called earlier. He told Batezel that he had been in the home of William Somershoe a few hours earlier and had seen in the kitchen "approximately a pound and a half of marijuana" and had been offered some for sale. The informer further stated that he had seen "a large quantity of drugs, capsules, pills which were various colors."

Based on these facts and knowledge that the informer had been involved with narcotics in the past, Detective Batezel prepared an affidavit for the purpose of obtaining a search warrant for Somershoe's home. The affidavit contained the following: "That he has information from an informant who stated that he had

been at the home of Mr. Somershoe and had seen Somershoe with dangerous drugs of various kinds which he wanted to sell and also marijuana in a paper bag this date. Subject Wm. Somershoe also has been arrested in the last month for possession of dangerous drugs". In addition to the affidavit, Detective Batezel testified under oath before the Justice of the Peace for the purpose of supplementing the information contained in his affidavit. He testified that the narcotics referred to in his affidavit had been described to him by the informer. The detective in turn narrated the informer's description of the narcotics to the Justice of the Peace. Detective Batezel told the Justice that the informer was familiar with drugs and marijuana and knew them when he saw them because he had previously been involved in narcotic investigations and also that defendant Somershoe had been arrested earlier in the month for possession of dangerous drugs and had appeared before the same Justice of the Peace to whom the detective was presenting his testimony. Detective Batezel knew the informer was a user but the evidence does not show whether he gave this information to the Justice of the Peace.

On a Petition to suppress presented on behalf of the defendant, the lower court ordered that the items taken from Somershoe's home were inadmissible as evidence on the grounds that Detective Batezel's affidavit and testimony failed to set forth some of the underlying circumstances which were necessary to inform the Justice of the Peace of the Detective's conclusion that the informer was credible or his information reliable.

The test for determining the validity of a search warrant is that pronounced in the leading case of *Aguilar v. Texas,* 378 U.S. 108 (1964) and relied upon by this Court in *Commonwealth v. Payton,* 212 Pa. Superior Ct. 254 (1968), that an affidavit may be

based on hearsay information and need not reflect the direct personal observations of the affiant provided the magistrate is informed of some of the underlying circumstances from which the *informant* concludes that the items in issue are where he claims they are and is further informed of underlying circumstances from which the *officer* concludes that the informant, whose identity need not be disclosed, is credible or his information reliable. Thus briefly in recapitulating, *Aguilar* sets forth two requirements which must be met in the affidavit before a search warrant can be properly issued: (1) the setting forth of underlying circumstances from which the *informer* concludes the items in issue are where he said they were and, (2) the setting forth underlying circumstances from which the *officer* affiant concludes that the informer is credible or his information reliable.

The magistrate in this kind of a case is in effect obliged to make an independent and detached appraisal of the affidavit in order to determine the presence of statements contained therein setting forth "underlying circumstances" as referred to in *Aguilar v. Texas,* 378 U.S. 108 (1964): *Commonwealth v. Rose,* 211 Pa. Superior Ct. 295, 298 (1967): and in making such an appraisal, the affidavit must be read in a common sense and nontechnical manner. *Commonwealth v. Payton,* supra, *Commonwealth v. Rose,* supra, *United States v. Ventresca,* 380 U.S. 102 (1965).

In the instant case, we have no difficulty in finding that the issuing magistrate was sufficiently informed of the "underlying circumstances" from which the *informer* concluded that the narcotics and drugs were where he claimed they were. The informer was an eyewitness to these items being present in the Somershoe home. He had left the Somershoe home just a few hours prior to the time Detective Batezel prepared his affidavit. He described the items he saw in Somershoe's

home to the Detective who in turn described them to the Justice of the Peace. The Justice of the Peace knew of defendant Somershoe who had been before him within the month on a similar charge. Thus we feel that the first requirement of *Aguilar* is satisfied.

The troublesome question is whether Detective Batezel set forth sufficient underlying circumstances necessary to give the magistrate a basis for finding the propriety of the officer's conclusion that the informant was credible or his information reliable. On this point the lower court found that the underlying circumstances set forth in Batezel's affidavit and testimony failed to give the magistrate information from which the officer concluded that the informer was credible. It is interesting to note that the lower court considered the affidavit and testimony only as they pertained to the affiant's conclusion regarding credibility of the informer but omitted a discussion on the affidavit as it related to the officer's conclusion relating to the reliability of the informant's information.

A magistrate must make an independent and impartial judgment on probable cause, but he is not expected to make an independent judgment on probable cause in a vacuum or based on his own personal impression divorced entirely from the information presented him in the affidavit, and the testimony before him. His independence of judgment is important only to the extent that he decides from the facts and circumstances surrounding the case whether or not the officer had reasonable grounds for believing the informer or for relying on his information. The point we must remember is that it is not whether the Justice of the Peace personally believed the informer to be credible or his information reliable, but whether the underlying circumstances were set forth sufficiently to give him an understanding of the officer's conclusion of the in-

formant's credibility or the reliability of his information.

In *Commonwealth v. Rose,* 211 Pa. Superior Ct. 295, 298 (1967), the Court found sufficient underlying circumstances on the reliability issue when the informer told the officer that she had been a passenger in defendant's vehicle a short time earlier (as affiant personally knew), that she had admitted being a user of narcotics which had been furnished to her by defendant, and that there were narcotics in the automobile. In that case this Court observed that the informer voluntarily made a statement to police of a self-incriminating nature and was entitled to credence. This Court said in the *Rose* case, supra, "the affiant is not required to recite that the informant is credible or his information reliable. However, the affiant must give some facts which *tend* to support such credibility or reliability".

In the instant case the informer came personally to the Police Station to tell Detective Batezel (who knew the informer to be a user) that he had seen the narcotics and drugs in the Somershoe home. Although this act of the informer presenting himself before the police was in itself not a self-incriminatory act, yet it was such as to entitle him to credence, *Commonwealth v. Rose,* 211 Pa. Superior Ct. 295, 298 (1967). He had just returned from the Somershoe home and described with particularity the items he saw. His background of having been investigated by Detective Batezel regarding the use of narcotics and the magistrate's own knowledge concerning Somershoe formed a basis here for proper reliance by the magistrate on the affidavit and testimony upon which to initiate inquiry and investigation by means of a search of the Somershoe home. *Price v. State of Maryland,* 254 A. 2d 219, 5 Cr. L. 2253 (1969).

Affidavits of probable cause are tested by much less vigorous standards than those governing the ad-

missibility of evidence at trial, *McCray v. Illinois*, 386 U.S. 300, 311, 87 S. Ct. 1056 (1967) ; only the probability, and not a prima facie showing, of criminal activity is the standard of probable cause, *Beck v. Ohio*, 379 U.S. 89, 96, 85 S. Ct. 223, 228 (1964) ; in judging probable cause, issuing magistrates are not to be confined by niggardly limitation or by restrictions on the use of their common sense, *United States v. Ventresca*, supra, and their determination of probable cause should be paid great deference by reviewing courts, *Jones v. United States*, 362 U.S. 257 (1960). "Probable cause does not import absolute certainty. It only implies reasonable grounds for belief, and the Justice issuing the search warrant is the authority to be satisfied that probable cause exists . . .": *Commonwealth v. Schwartz*, 82 Pa. Superior Ct. 369, 375. In this case the knowledge in possession of the Justice of the Peace regarding Somershoe's eyewitness information and the officer's knowledge concerning the background of informant were the underlying circumstances which gave sufficient information to the magistrate that the officer properly concluded the informant was credible or *his information reliable*. The case of *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584 (1969), reinforces our opinion in this matter.

The cases relied on by the lower court in this case are inapposite. In the case of *Commonwealth v. Smyser*, 205 Pa. Superior Ct. 599, this Court held the affidavit to be predicated on belief and suspicion. We said "No substantiating facts are given upon which the magistrate might make an independent and detached appraisal of the probability that a crime had been or was being committed. The sworn statement that 'as a result of investigations' made at an intermediate time by an unidentified investigator the affiant 'believes there is sufficient evidence to believe' an unnamed 'person or persons have or will conceal narcotics, dan-

gerous drugs, or paraphernalia, . . .' provides no basis for independent magisterial determination."

The situation was the same in *Aguilar* in which the affidavit recited that "Affiants have received reliable information from a credible person and do believe that heroin, marijuana, and barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law." This affidavit was held insufficient and understandably so. The affidavit merely contained a conclusion that *Aguilar* possessed narcotics. In *Commonwealth v. Bondi*, 211 Pa. Superior Ct. 23 (1967), the court, in discussing the *Aguilar* affidavit, said, "The affidavit not only contained no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein, it did not even contain an affirmative allegation that the affiant's unidentified source spoke with personal knowledge. The magistrate in *Aguilar* could not therefore, judge for himself the persuasiveness of the facts relied on to show probable cause. He must necessarily have accepted without question, the informant's belief or mere conclusion." This is far from the instant case in which we have an eyewitness whose information is the basis for the officer's affidavit. In *Commonwealth v. Ametrane*, 205 Pa. Superior Ct. 567 (1965), this Court approved an affidavit resting on the personal observations of the informant and corroboration by a police detective. Personal observation is not a matter of conjecture but rather carries with it a sufficient element of probability which compels inquiry: *Commonwealth v. Palladino*, 209 Pa. Superior Ct. 257 (1967) ; *Commonwealth v. Payton*, 212 Pa. Superior Ct. 254 (1968). Though we must have concern for protecting against unlawful search and seizure, we must also keep in mind the requirements for maintaining the dignity of the community.

The concepts of social order which have been developed for the ultimate benefit of the general public cannot be jeopardized in favor of an individual where the facts demand a careful scrutiny of that individual's conduct.

It is our opinion therefore that the second requirement of *Aguilar* is also met, and that Detective Batezel's affidavit and testimony formed a proper basis for the issuance of the search warrant, and that the motion to suppress was improperly granted.

The judgment of the lower court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.