CHARLES DEAN DISHMAN and JAMES RAY HENRY, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

460 S.W.2d 855.

Court of Criminal Appeals of Tennessee. Sept. 25, 1970.

Certiorari Denied by Supreme Court Dec. 7, 1970. (as to Dishman).

Charles W. Martin, Oneida, for plaintiffs in error.

David M. Pack, Atty. Gen., Arnold Peebles, Jr., Asst. Atty. Gen., Nashville, Arzo Carson, Dist. Atty. Gen., Huntsville, Robert T. Beaty, Asst. Dist. Atty. Gen., Jamestown, for defendant in error.

## OPINION

WALKER, Presiding Judge.

Charles Dean Dishman and James Ray Henry, the defendants below, were convicted of possessing marijuana in violation of T.C.A. § 52-1303. Dishman was sentenced to pay a fine of $500 and to serve two to three years in the penitentiary. Henry was sentenced to pay a similar fine and to serve two years in the penitentiary. They appeal in error to this court.

Armed with a search warrant, officers went to Dishman's home in Oneida at about 6:00 P.M., March 13, 1968, and conducted a search for marijuana and narcotic drugs. When they arrived the defendants were sitting

in the living room but were not smoking at the time. On a coffee table between them and in front of Henry, there was an ash tray with three smoked cigarettes or cigarette butts, two packages of cigarette papers and some loose greenish material and seeds. Under the couch on which Henry was sitting and close to his feet, there was an open plastic bag of marijuana. On a table across the room from Henry, there were three open plastic bags with loose material similar in appearance. The officers also found in a bedroom a partly smoked home-rolled cigarette.

A chemist for the State Department of Health conducted laboratory tests of two of the cigarettes found on the coffee table and the material at Henry's feet and from one of the bags across the room from him. All of the samples tested were marijuana.

Dishman did not take the witness stand of offer any proof. Henry testified that Dishman asked him to help repair a television antenna and he had been there about twenty or thirty minutes. He says that he and Dishman visited frequently. He denied smoking any marijuana but says that he and Dishman had smoked cigarettes. He says Dishman smoked "Lucky," by which we understand him to mean that they smoked ordinary, legitimate cigarettes containing tobacco. He denied any knowledge that marijuana was there or that he had any connection with it.

The defendants contend that the court erred in overruling their motion to suppress the search warrant on the ground that there was no probable cause for its issuance. They say that the magistrate was not given the underlying circumstances necessary for him to judge in-

telligently the informant's conclusions concerning the alleged offense. They contend specifically that the affidavit does not show how the informant knew that the material he saw was marijuana as distinguished from plants which look like it. They rely much on the testimony of the state's expert witness, a chemist, that he could not be positive about the identity of marijuana without a laboratory examination.

They rely on Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637.

An agent of the Tennessee Bureau of Identification, who had lived in Dishman's neighborhood, presented an affidavit to the County Judge of Scott County, the issuing magistrate. The affidavit was based on information given the agent by an informant. Since this affidavit was the only information from which the county judge could determine that probable cause existed for the search, the warrant must stand or fall on the contents of the affidavit.

It recites that the affiant received information from a responsible and reliable citizen of Scott County, Tennessee, whose name he had that day disclosed to the judge to whom the application was made, that Charles Dishman (description of premises omitted):

"* * * (N)ow has in his possession and under his control in the building described above, the out-houses located thereon and in his, the said Charles Dean Dishman's, 1964 Corvair white automobile parked on said described premises or on the public road adjoining said premises and land described above, a quantity

of marihuana and narcotic drugs; that said informant saw said marihuana and narcotic drugs being delivered into said building on said premises; that said Charles Dean Dishman has sold marihuana to persons; that large numbers of automobiles and persons therein go to said premises described above frequently and only remain a very short time; that the said Charles Dean Dishman is unlawfully keeping said marihuana and narcotics in his possession in said building in violation of the law and that automobiles from without the State of Tennessee were seen to deliver marihuana to said Charles Dean Dishman into said building and that said automobile described above is used by said Charles Dean Dishman to deliver and sell said marihuana."

The test for determining the validity of a search warrant is that pronounced in the leading case of Aguilar v. Texas, supra, and fully considered by our Supreme Court in Owens v. State, 217 Tenn. 544, 399 S.W.2d 507 (1965). Spinelli v. United States, supra, further explained the principles of *Aguilar*. In neither *Aguilar* nor *Spinelli* was the affidavit based on information from an eyewitness who saw the offense. The affidavit before us was based on the informer's personal observation of the alleged offense. He saw marijuana being delivered into Dishman's house. Personal observation is not a matter of conjecture but rather carries with it sufficient element of probability which compels inquiry in this kind of case. See Commonwealth v. Somershoe, 215 Pa.Super. 246, 257 A.2d 341.

The magistrate in this type of a case must make an independent and detached appraisal of the affidavit

in order to determine the presence of statements setting forth "underlying circumstances" as referred to in *Aguilar*; and in making the appraisal the affidavit must be read in a common sense and nontechnical manner. See United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684.

In Commonwealth v. Somershoe, supra, the court said:

> "* * * Affidavits of probable cause are tested by much less vigorous standards than those governing the admissibility of evidence at trial. McCray v. Illinois, 386 U.S. 300, 311, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); only the probability and not the prima facie showing of criminal activity is the standard of probable cause, Beck v. Ohio, 379 U.S. 89, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964); in judging probable cause issuing magistrates are not to be confined by niggardly limitation or by restrictions on the use of their common sense, United States v. Ventresca, supra, and that their determination of probable cause should be paid great deference by reviewing courts, Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960)."

See also State v. Pietraszewski, 172 N.W.2d 758 (Minn. 1969).

To be positive that the material delivered to the defendant was marijuana, a chemical examination would be required. Many common plants look like it. Before he can obtain a search warrant, however, the agent is not required to have the information the search warrant would disclose. Proof of the probability and not of the crime is all that is required.

Probable cause does not import absolute certainty. It only imports reasonable grounds for belief, and the magistrate issuing the warrant is the authority to be satisfied that probable cause exists. He performs a judicial act which is not subject to review unless there are no material facts upon which he bases his discretion. See Owens v. State, supra.

The county judge, as issuing magistrate, was satisfied with the affidavit, and we cannot say that a common sense reading of it required a result other than that he reached. This assignment is overruled.

■ After the district attorney general had completed his final argument, defense counsel moved for a mistrial for his remarks about selling marijuana when there was no evidence or accusation of selling it. Counsel made no objection during argument. The trial judge denied the motion for a mistrial but promptly instructed the jury that neither defendant was charged with selling marijuana and not to consider the attorney general's argument except as to possession of marijuana. We think the prejudicial effect of these remarks was eliminated by the action of the trial judge. King v. State, Tenn.Cr.App., 430 S.W.2d 810; Tooley v. State, Tenn.Cr.App., 448 S.W.2d 683.

Both defendants contend that the evidence preponderates against their guilt and in favor of their innocence.

■■ By his testimony Henry contends that he was merely a visitor and did not know there was an open sack of marijuana near his feet. He denies that he had any knowledge that marijuana was in the house and explains the purpose of his presence there was to assist

his friend in repairing the television antenna. He is not impeached and we do not think the evidence supports the verdict of guilty as to him. Dishman has not sustained the burden on him to show that the evidence preponderates against the verdict. He was in possession of this marijuana found in his home.

The judgment of conviction is reversed as to Henry and affirmed as to Dishman.

GALBREATH and MITCHELL, JJ., concur.