Commonwealth, Appellant, *v.* Cosby.

2

Submitted June 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*David Richman, William Turnoff, Mark Sendrow,* and *Steven H. Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellant.

*Hardy Williams,* for appellee.

OPINION BY SPAETH, J., March 31, 1975:

This is an appeal by the Commonwealth from an order suppressing evidence as obtained by an illegal search and seizure.[1]

In May of 1972, John Knox, a student at Temple University, sublet his apartment near the Temple campus to appellee. Appellee never paid the rent, and on July 14, 1972, at about 4:00 p.m., Knox went to the apartment to collect the rent. Finding that the lock had been changed, he went to the landlord's office and obtained the aid of the maintenance man, who broke the lock. Upon entering the apartment, Knox found an album cover with white powder, a razor blade, and a straw on top of it. He reported this to the landlord's office, where the person in charge called the police.

Agent Hirsch, a State Narcotics Officer, responded to the call. Knox told the agent what had happened and admitted him to the apartment, where the agent saw the powder. Believing the powder to be a controlled substance, the agent telephoned Officer Rechner of the Philadelphia Police Narcotics Squad and requested his assistance in obtaining a search warrant. The agent and Knox then left the apartment and went downstairs to the lobby to await the warrant. While they were waiting, appellee arrived and was placed under arrest. The three men then waited in the apartment until the warrant arrived.

---

1. Since the crime charged is one of possession, the suppressed evidence is crucial to the Commonwealth's case. The Commonwealth can thus appeal the suppression order. *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963). It may be added that appellee has not contested our jurisdiction to hear this appeal. Indeed, appellee's counsel has neither filed a brief nor withdrawn his appearance. The case was submitted to us for decision without oral argument, and on the Commonwealth's brief alone.

Officer Rechner testified that on the basis of Agent Hirsch's telephone call he had obtained a search warrant from a Municipal Court judge, and that by approximately 7:15 p.m. he had arrived at the apartment and executed the warrant, seizing the alleged narcotics and narcotics paraphernalia.

The probable cause section of the search warrant obtained by Officer Rechner recited as follows:

"On Friday, 7-14-72, at about five o five p.m., State Narcotics Agent Michael Hirsch called the Philadelphia Narcotics Unit, Philadelphia Police Department, and spoke to me and gave me the following information: He stated that he received a call from one Pristine Simpson, 24, female, white, who was a secretary of the Yorktown Apartments at 1200 West Columbia Avenue. She informed him that one John Knox, approximately 23, white male, had sublet his apartment at that location to one Emanuel E. Cosby, 24, Negro male, and that when Knox came to the apartment, which is apartment 318 E. to collect his rent from Cosby, he found in the apartment a small packet containing a white powder and a small residue with white powder.

Agent Hirsch received this call from Simpson on 7-14-72 and then went to the apartment-house and met Mr. Knox. Mr. Knox informed Agent Hirsch that he is a student at Temple University and that on May 6, 1972, he subletted his apartment, Apartment 318-E to Emanuel Cosby, and on 7-14-72, Mr. Knox returned to the apartment to collect approximately $500 in rent due from Mr. Cosby.

Mr. Cosby was not home and Knox did observe the packet with the white powder and a tube.

Mr. Knox reported this to the office (Miss Simpson) believing it to be narcotics.

Knox then took Agent Hirsch to the apartment where the agent did observe the packet and the tube

in the bedroom and did observe a razor blade with white powder residue on same and also a smoking pipe with residue on same.

Due to the above information, I believe I have probable cause that there are more narcotics inside the apartment."

The court below concluded that by entering the apartment before obtaining the warrant, Agent Hirsch had violated appellee's rights under the fourth amendment. In reaching this conclusion the court correctly cited *Chapman v. United States,* 365 U.S. 610 (1961), for the proposition that Knox could not as appellee's landlord give his consent to a search by Agent Hirsch of an apartment in appellee's possession. However, the court did not go far enough in its analysis. The evidence was seized not by Agent Hirsch but by Officer Rechner, who was acting pursuant to a search warrant. The question, therefore, is whether the warrant was validly issued.

In order to answer this question it is necessary to examine the information on the basis of which the warrant was issued. This information, it will have been observed, is set forth in five paragraphs in the probable cause section of the warrant. The first four of these paragraphs recite information given Agent Hirsch by Knox or the person in charge of the apartment manager's office; the fifth paragraph recites information that Agent Hirsch learned as a result of his intrusion into appellee's apartment.

We may assume (without deciding) that Agent Hirsch's entry into appellee's apartment violated appellee's constitutional rights, and that the information contained in the fifth paragraph of the probable cause section of the warrant was therefore illegally obtained. It does not follow from this assumption that the warrant was improperly issued. We must still look to the first four paragraphs of the probable cause section, for "the inclusion of illegally obtained evidence will not invalidate

a search warrant if the warrant is also based upon other sources which are valid and sufficient to constitute probable cause." *Commonwealth v. Soychak,* 221 Pa. Superior Ct. 458, 463, 289 A.2d 119, 123 (1972). *See also Howell v. Cupp,* 427 F.2d 36 (9th Cir. 1970); *United States v. Sterling,* 369 F.2d 799 (3d Cir. 1966); *Commonwealth v. Thomas,* 444 Pa. 436, 282 A.2d 693 (1971); *Commonwealth v. Ambers,* 225 Pa. Superior Ct. 381, 310 A.2d 347 (1973).

The information in the first four paragraphs derives from Knox's break into the apartment, before Agent Hirsch was called. The purpose of the fourth amendment is to protect persons from unlawful governmental intrusion. The exclusionary rule thus does not apply to evidence obtained by a private citizen not acting on behalf of the government. *Burdeau v. McDowell,* 256 U.S. 465 (1921); *United States v. Valen,* 479 F.2d 467 (3d Cir. 1973); *United States v. Goldberg,* 330 F.2d 30 (3d Cir. 1964), *cert. denied,* 377 U.S. 953 (1964); *Commonwealth v. Dingfelt,* 227 Pa. Superior Ct. 380, 323 A.2d 145 (1974). Since Knox, and the maintenance man who helped him, were both private citizens and neither was acting on behalf of the government when they broke into appellee's apartment and thereby intruded on appellee's privacy, the constitution does not prohibit the use of the information they obtained.

In deciding whether this information constituted probable cause for issuing the warrant, the dispositive cases are *Aguilar v. Texas,* 378 U.S. 108 (1964), and *Spinelli v. United States,* 393 U.S. 410 (1969). These cases require that whenever a finding of probable cause is based on information from an informer, the affiant must give the issuing authority a statement of facts sufficient to enable the issuing authority to make two independent judgments: (1) that the affiant is probably correct in his belief that the informer is reliable; and (2) that the information received from the informer is prob-

ably reliable. Here the Municipal Court judge could independently decide that the affiant (Officer Rechner) was probably correct in believing that his informer (Agent Hirsch) was reliable. Presumably one law enforcement officer will say what he believes to be the truth when he seeks the aid of another law enforcement officer. The judge could also independently decide that the information that Officer Rechner had received from Agent Hirsch was probably reliable. Knox and the person in charge of the apartment manager's office were private citizens acting in response to a situation that they believed to be one calling for immediate police action. Moreover, it was evident that Knox was acting not on the basis of something that someone else had told him but on his own observation. Such information should be considered at least as reliable as information received from a regular anonymous police informer, who "is often a criminal himself, or at best a person who would not be considered a reliable witness." *Commonwealth v. Wright*, 212 Pa. Superior Ct. 259, 262, 243 A.2d 213, 214 (1968) (HOFFMAN, J., dissenting, joined by JACOBS and SPAULDING, JJ.). *See also Commonwealth v. Whitehouse*, 222 Pa. Superior Ct. 127, 292 A.2d 469 (1972); *United States v. Unger*, 469 F.2d 1283 (7th Cir. 1972). *See generally Commonwealth v. McKeever*, 229 Pa. Superior Ct. 35, 323 A.2d 44 (1974).

Accordingly, the evidence was seized after a search conducted pursuant to a search warrant issued upon a finding of probable cause. The evidence should therefore not have been suppressed.

Order reversed.