**Wallace Taylor RUTHERFORD, Jr.,
Petitioner-Appellant,**

v.

**Hoyt C. CUPP, Respondent-Appellee.**

**No. 74–1664.**

United States Court of Appeals,
Ninth Circuit.

Dec. 4, 1974.

Certiorari Denied April 21, 1975.

See 95 S.Ct. 1663.

Herbert W. Titus, Eugene, Or., for petitioner-appellant.

Jim G. Russell, Asst. Atty. Gen., State of Or., Salem, Or., for respondent-appellee.

Before CHOY and SNEED, Circuit Judges, and NEILL,* District Judge.

OPINION

PER CURIAM:

Appellant, a state prisoner, appeals from a denial of his petition for a writ of habeas corpus. His principal contention is that his conviction for possession of marijuana was based in part upon evidence seized in violation of the Fourth Amendment. We disagree.

The search warrant authorized a search of the "premises and residence, if any, located at 37 West Lowell Street," for marijuana plants. According to Rutherford, the warrant was invalidly drawn because it failed to describe with particularity the place to be searched. Although the description in the warrant may seem imprecise, a warrant is valid as long as the officer executing it can with reasonable effort ascertain and identify the place to be searched. Steele v. United States, 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757 (1925); United States v. Melancon, 462 F.2d 82, 93–94 (5th Cir.), cert. denied 409 U.S. 1038, 93 S.Ct. 516, 34 L.Ed.2d 487 (1972). In this case, where the yard searched and the house located at 37 West Lowell St. were within a single fenced enclosure, the warrant's reference to "premises" was sufficient to draw the officer's attention to the yard. *Cf.* United States ex rel.

* Honorable Marshall A. Neill, United States District Judge, Eastern District of Washington, sitting by designation.

Saiken v. Bensinger, 489 F.2d 865, 867–868 (7th Cir. 1973), cert. denied, 417 U.S. 910, 94 S.Ct. 2607, 41 L.Ed.2d 214 (1974).

Appellant also contends the warrant was invalidly issued. According to Rutherford, the warrant's supporting affidavit, which was based in part on an informant's statement, failed to provide sufficient information to enable the judge issuing the warrant to make an independent determination of probable cause. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), sets out a two-pronged test. First, the magistrate must be informed of some of the underlying circumstances as to how the informant obtained his information. Here the judge knew the informant, a neighbor of appellant, had seen marijuana plants growing in appellant's yard, had obtained a sample and had taken it to the police. Thus, the judge could reasonably conclude that the informant's statement to the affiant-officer was based on personal observation. Secondly, under *Aguilar,* the magistrate must be informed of some of the underlying circumstances from which the affiant concluded the informant was credible. Here, the circumstances establish reliability. *See* Ignacio v. People of Territory of Guam, 413 F.2d 513, 519 (9th Cir. 1969), cert. denied 397 U.S. 943, 90 S.Ct. 959, 25 L.Ed.2d 124 (1970). The judge knew the informant was willing to let his name be used, that he was a citizen/neighbor with no apparent ulterior motive, that he had of his own accord brought a sample to the police, and that the sample had proved to be marijuana.

Appellant's other contentions are without merit. Taking into consideration evidence of the water hose leading from appellant's house to the plants and the testimony of three witnesses that appellant cared for the marijuana plants, we cannot say the jury acted unreasonably in finding him guilty. *See* Freeman v. Stone, 444 F.2d 113, 114 (9th Cir. 1971). And we find that the judge's instruction on possession was a proper statement of the law. *See* Juvera v. United States, 378 F.2d 433, 436–437 (9th Cir.), cert. denied 389 U.S. 1008, 88 S.Ct. 568, 19 L.Ed.2d 604 (1967).

Affirmed.