378 A.2d 1257
COMMONWEALTH of Pennsylvania
v.
Larry BANAHASKY, Appellant.

Superior Court of Pennsylvania.

Argued Nov. 15, 1976.
Decided Oct. 6, 1977.

Patrick J. Rega, Charleroi, for appellant.

Robert N. Clarke, Assistant District Attorney, Washington, and Jess D. Costa, District Attorney, Bentleyville, on brief for Commonwealth, appellee.

Before JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted by a judge sitting without a jury of possession of a small amount of marijuana in violation of the Controlled Substance, Drug, Device and Cosmetic Act.[1] Post-trial motions were denied, and appellant was fined $100.00 and sentenced to a 30 day suspended sentence and probation of six months. Appellant contends here that he should be discharged because the evidence was insufficient to support a conviction, or in the alternative that he should be awarded a new trial because the evidence was obtained in violation of the 4th Amendment. We hold that the evidence was not insufficient but was obtained in violation of the 4th Amendment.

1

On May 10, 1973, an officer of the Union Township Police Department obtained a warrant to search the house of Mrs. Stella Banahasky, appellant's mother. The reasons given for the issuance of the warrant were the prior arrest of one Jerry Drake for possession of four bags of marijuana, and information from Drake that he was staying at Mrs. Banahasky's house. (N.T. Suppression Hearing 4) Two officers went with the warrant to the Banahasky house, and, with

---

1. Act of April 14, 1972, P.L. 233, No. 64, § 13, imd. effective. As amended, Act of Oct. 26, 1972, P.L. 1048, No. 263, § 1, imd. effective; 1974, Dec. 30, P.L. 1041, No. 340, § 1, imd. effective. 35 P.S. § 780–113(a)(31).

Mrs. Banahasky and appellant present, found a rolled cigarette and a plastic bag on the floor of Drake's room. In appellant's room the officers found a bag containing Drake's clothing and two plastic bags filled with smaller bags containing marijuana, and a jacket hanging on the door, which appellant identified as his. In the pocket of the jacket the officers found seeds and residue of marijuana. Appellant's conviction was for the possession of the seeds and residue.

To determine whether evidence was sufficient, it is necessary to accept as true all of the evidence upon which the trier of facts could properly have based the verdict. *Commonwealth v. Fortune*, 456 Pa. 365, 367, 318 A.2d 327, 328 (1974). By this test the evidence against appellant was sufficient.

Appellant correctly asserts that where others have equal access to contraband, evidence of defendant's mere opportunity to control the contraband is insufficient to sustain a conviction of its possession. *Commonwealth v. Davis*, 444 Pa. 11, 280 A.2d 119 (1971); *Commonwealth v. Whitner*, 444 Pa. 556, 281 A.2d 870 (1971). To prove possession it is necessary to prove that the defendant had both the power and the intent to control the contraband. *Commonwealth v. Townsend*, 428 Pa. 281, 284, 237 A.2d 192, 194 (1968); *Commonwealth v. Davis, supra.* To prove intent it is necessary to prove that the defendant knew where the contraband was. This knowledge may be inferred from the evidence of the surrounding circumstances. *Commonwealth v. Whitman*, 199 Pa.Super. 631, 186 A.2d 632 (1962). Here the evidence that the marijuana was found in appellant's jacket; in appellant's room, was sufficient to show that appellant had the power to control the marijuana, and also sufficient to support an inference that he knew that the marijuana was in his jacket and intended to exercise control over it.

It is true that appellant and his mother both testified that the jacket had been worn by Drake the night before. However, this testimony simply created a question of credibility for the trial judge. Perhaps, as appellant argues, it would have been reasonable for the judge to have accepted the

testimony of appellant and his mother—particularly in view of the evidence of larger quantities of marijuana in the room wrapped up with Drake's clothes, and appellant's open admission of ownership of the jacket. That, however, is not for an appellate court to say. The judge was free to believe any, all, or none of the evidence presented. *Commonwealth v. Williams*, 450 Pa. 158, 299 A.2d 643 (1973).

## 2

■ The lower court specifically based its denial of appellant's motion to suppress the marijuana found in his jacket upon a finding that appellant and his mother had consented to the search. In reviewing the order of a suppression court, we must accept a finding supported by the record, but we may nevertheless reverse if the court erred as a matter of law. *See Commonwealth v. Bundy*, 458 Pa. 240, 328 A.2d 517 (1974); *Commonwealth v. Stafford*, 451 Pa. 95, 101, 301 A.2d 600, 604 (1974); *Commonwealth v. Sharpe*, 449 Pa. 35, 44, 296 A.2d 519, 524 (1972).

■ Here the lower court found consent on the basis of a statement to the officers by appellant's mother, made when the officers arrived at the house and announced that they had a warrant, "You don't need a search warrant". The court cited *Commonwealth v. Smith*, 201 Pa.Super. 511, 193 A.2d 778 (1963), and *Commonwealth v. Anderson*, 208 Pa.Super. 323, 222 A.2d 495 (1966) *allocatur refused*, in support of this finding. However, in neither *Smith* nor *Anderson* did the officers have a search warrant, nor did they claim to have one in order to obtain consent to the search. Here the officers did have a warrant, and although they testified that appellant's mother told them they could enter, they also testified that the very first statement made was their own announcement that they had a warrant to search the house. (N.T. Suppression Hearing 4, 11, and 16) In these circumstances the mother's statement, "You don't need a search warrant," was as a matter of law insufficient to support a finding of consent:

> When a police officer displays a warrant and claims authority thereunder to search premises, he effectively de-

clares his legal right to search and announces that the accused has no right to resist that authority. *Bumper v. North Carolina*, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). The submission [to a citation by police representatives] that they have authority to search can only be construed as an intention to abide by that authority, and not as an intention to voluntarily waive Fourth Amendment rights. *United States v. Elliott*, 210 F.Supp. 357 (D.Mass.1962); *Bull v. Armstrong*, 254 Ala. 390, 48 So.2d 467 (1950). As we stated in *Commonwealth v. Burgos, supra*, 223 Pa.Super. [325], at 330, 299 A.2d [34], at 38: "Consent under such circumstances can hardly be said to be voluntary, for it is unlikely that a [person] would assert opposition to a search which appeared inevitable." Such a "situation is instinct with coercion—albeit colorably lawful coercion . . . [and] [w]here there is coercion there cannot be consent." *Bumper v. North Carolina*, 391 U.S. at 550, 88 S.Ct. at 1792.

*Commonwealth v. Pichel*, 229 Pa.Super. 103, 106, 323 A.2d 113, 114 (1974).

The conclusion that the search may not be upheld as having been consented to is not, however, dispositive; it remains necessary to consider whether the search was proper because pursuant to a valid warrant.

As has been indicated, the lower court did not decide whether the warrant was valid, instead basing its order only on its finding of consent. Given this fact, appellant has not argued the validity of the warrant in his brief to us, although the Commonwealth has, and appellant did to the lower court.

▪ Appellant first contended that the warrant was invalid because it failed to state or specify the areas to be searched. This contention is based on the fact that although the warrant was issued to search for drugs belonging to Jerry Drake, the evidence used to convict appellant was found in appellant's jacket in his own room, which was not a place one would reasonably expect to find Drake's contraband. *See Commonwealth v. Platou*, 455 Pa. 258, 312 A.2d

29, *cert. denied,* 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974); *Commonwealth v. Jackson,* 227 Pa.Super. 1, 8, 323 A.2d 799, 803 (1974). The correctness of this contention cannot be decided. Pa.R.Cr.P. 2005 requires that each search warrant shall:

. . . . .

(b) identify the property seized;

(c) name or describe with particularity the person or place to be searched.

The official comment provides that these two subsections are "intended to prescribe general or exploratory searches by requiring that searches be directed only towards the specific items, persons or places set forth in the warrant." Here the record does not include the entire warrant, and therefore does not disclose whether it fulfilled the specificity requirements, and if it did, whether the search extended beyond the authorization.

Appellant next contended that the warrant was invalid because the affidavit on which it was issued was insufficient to establish probable cause.[2]

In appraising this contention, it should first be noted that appellant has standing to challenge the search of his room, even by the old standard, which required ownership or possession in the seized property or a substantial possessory interest in the premises searched. *See Commonwealth v. Rowe,* 433 Pa. 14, 17, 249 A.2d 911, 912 (1969) (expressing the views of only three Justices in a decision by an equally divided Court). The items seized (the jacket and the contraband) were allegedly appellant's, and the room was his. Moreover, the current standard, adopted in light of *Jones v. United States,* 362 U.S. 257, 267, 80 S.Ct. 725, 734, 4 L.Ed.2d 697 (1960), is that "anyone legitimately on the premises where a search occurs may challenge its legitimacy . . . when the fruits are proposed to be used against him." Under this standard the inquiry turns upon whether

---

2. Appellant further contended that the warrant was based upon illegally obtained evidence, but it is unnecessary to consider this contention.

the area searched was one in which there was a reasonable expectation of freedom from governmental intrusion. *Commonwealth v. Rowe, supra*, 433 Pa. at 17, 249 A.2d at 912. Thus, standing has been granted to a defendant to attack the validity of the search of his grandmother's house, where he lived on weekdays, *Commonwealth v. Strickland*, 457 Pa. 631, 326 A.2d 379 (1974); the search of the defendant's alleged co-conspirator's father's home, when the defendant happened to be present at the time of the search, *Commonwealth v. Rowe, supra*; and the search of a building alleged to be used for gambling, where the defendant was present as a guest at the time of the search, *Commonwealth v. Tasco*, 227 Pa.Super. 144, 323 A.2d 831 (1974).

> Here, the warrant issued on the following affidavit: I, George Nagy, Chief of Police of Union Township Police Department on the above date arrested one Jerry Drake with the Controlled Substance, Drug and Cosmetic Act, at which time I found four packets of suspected marijuana. Jerry Drake now resides at the residence of Stella Banahasky, Garvin Road, R.D. # 2, Finleyville, Pennsylvania. Based on these facts I have reason to believe more contraband, in form of marijuana, hashish and dangerous drugs and narcotics, are being secreted in the residence of Mrs. Stella Banahasky, R.D. # 2, Finleyville, Pennsylvania. (N.T. Suppression Hearing 10–11)[3]

This simply established that Drake was found with some drugs on his person. Since there were not enough drugs to imply possession with intent to deliver, there was no reason to believe that he possessed any additional drugs, and therefore no probable cause to believe that he had left any additional drugs at the house where he happened to be staying.

**3.** Pa.R.Cr.P. 2003(a) provides in pertinent part: "The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits." This rule did not take effect until 60 days from March 28, 1973, and the search warrant here was issued on May 10, 1973. However, at the hearing on the motion to suppress, Officer Nagy responded in the negative when asked whether he had related to the magistrate any facts in addition to those in the affidavit. (N.T. Suppression Hearing 11)

Probable cause to believe that a man has committed a crime on the street does not necessarily give rise to probable cause to search his home. . . . "[A]n allegation based on an assumption or supposition not supported by the facts is insufficient to support [an inference of] criminal activity in a premises, in spite of the fact that there are plenty of allegations alleged to relate to criminal activity of the individual who is alleged to have lived in the premises."

*Commonwealth v. Kline,* 234 Pa.Super. 12, 17–18, 335 A.2d .361, 364 (1975) (quoting the lower court's memorandum opinion).

Since the search cannot be upheld either on the basis of consent or a valid warrant, the evidence seized as a result of the search should have been suppressed.

The judgment of the lower court is reversed and the case is remanded for a new trial.

CERCONE, J., concurs in the result.

JACOBS and PRICE, JJ., dissent.