■ RUTH SCHWARZBART, Plaintiff, v. EDWARD SCHWARZBART, Defendant. — Application by the plaintiff wife to this court, pursuant to statute (Civ. Prac. Act, § 66), for an order of commitment against the defendant husband because of his default under an order of the Supreme Court, Kings County, dated June 29, 1961. By this order, the defendant was adjudged in contempt by reason of his failure to pay $50 a week for alimony and the support of two infant children of the parties, as directed by a judgment of divorce rendered June 16, 1952; and he was fined $2,300, the amount of the arrears. The order permitted the defendant to purge himself of the contempt by paying the fine or arrears of alimony at the rate of $15 per week. The order further provided that such " purge " payments should be in addition to the current alimony payments of $50 per week and that in the event of his default in such weekly payments the entire balance of the $2,300 fine would become due and the plaintiff could apply ex parte for an order of commitment against him. Application ex parte is now made to this court for such commitment order by reason of the prior refusal of a Justice of the Supreme Court to grant such application (Civ. Prac. Act, § 66). The application is granted. The defendant was required to pay a total of $65 per week on account of the fine and current alimony. It appears from the respective affidavits of the plaintiff and her attorney: (1) that on July 6, 1961, the contempt order of June 29, 1961 was duly served upon the defendant; (2) that in the 30-week period from June 29, 1961 to January 23, 1962, he (the defendant) defaulted in making two payments, totaling $130; and (3) that in the 70-week period from January 30, 1962 to June 3, 1963 he paid $2,396.25 as against the total sum due of $4,550, leaving unpaid the sum of $2,153.75. Based on such payments, as of June 3, 1963 there was a balance of $1,327 unpaid upon the $2,300 fine. Such balance is computed as follows: For the 70-week period, the defendant paid a total of $2,396.25 on account of both the fine and current alimony. Such total sum should be prorated equitably between the fine and the alimony. Based on a $65 to $15 ratio, $553 of the $2,396.25 should be applied in reduction of the fine, and the balance of $1,843.25 should be applied on

account of the alimony. Adding to the $553 the sum of $420 (being the $15 a week paid for the earlier 28 weeks) makes a total of $973 applicable to the reduction of the fine, and thus leaving a balance of $1,327 unpaid thereon as of June 3, 1963. A commitment order will be issued by the court based on such unpaid balance. Submit form of court order accordingly for signature. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.