James R. SCOTT, Appellant,

v.

Indiana R. SCOTT, Appellee.

No. 3970.

District of Columbia Court of Appeals.

Argued April 4, 1966.

Decided June 1, 1966.

Rehearing Denied June 14, 1966.

James J. Laughlin, Washington, D. C., for appellant.

2. Waltenberg v. Waltenberg, 54 App.D.C. 383, 385, 298 F. 842, 844 (1924).

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge:

On October 3, 1961, appellant consented to an order of the trial court, under the Uniform Reciprocal Enforcement of Support Act,[1] requiring him to make weekly payments for the support of his wife and two children living in Pennsylvania. These payments were ordered to be made to the Clerk of the trial court to be transmitted to the Clerk of the Pennsylvania court. In July 1962 appellant was ordered committed to jail for failure to make these support payments. This order was stayed on condition that he make timely future payments on both his current obligations and the arrearages. In April 1963, on ex parte application, the court found appellant had not complied with the conditions and vacated the stay of commitment. Appellant then purged himself by paying the arrearages.

In March 1965 appellant was found to be in arrears in the sum of $2,400, although able so to pay, and was committed to jail for 180 days unless he purged himself by payment of said sum. This commitment was also stayed on condition that he make current payments plus a small sum on account of arrearages. On January 7, 1966, on ex parte motion, the stay of execution was vacated and appellant was ordered committed, but was given credit for payments of $130, leaving a balance of $2,270 yet to be paid. He appeals from this commitment.[2]

The sole error claimed is that appellant was entitled to an evidentiary hearing be-fore his arrest and commitment. He says that had he been accorded such hearing, he would have shown that for a period of four months he was incapacitated by reason of a broken leg and also that he had sent some payments directly to his wife for which he was not given credit.

■ When the order of support was entered, appellant was bound to obey it until it was modified by the court. Kephart v. Kephart, 89 U.S.App.D.C. 373, 377, 193 F.2d 677, 680 (1951), cert. denied, 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702. If appellant felt that because of physical disability, or for any other reason, he was not able to comply with the order, he should have applied to the court for a modification of the order. Kephart v. Kephart, supra. This he did not do. When appellant defaulted in making payments, the court appropriately ordered his commitment. The court in its discretion stayed the commitment, for, as we pointed out in Truslow v. Truslow, D.C. App., 212 A.2d 763, 764 (1965), it is frequently more practical, for the best interests of the family, to stay execution of commitment so long as the husband or father pays, in addition to current payments, an extra amount in discharge of the arrears.

■ When appellant failed to comply with the conditions of the stay, the court properly ordered his commitment on ex parte application. Schwartzbart v. Schwartzbart, 19 A.D.2d 756, 243 N.Y.S.2d 76 (1963). Even then appellant could have sought a suspension of the commitment by making an appropriate showing, and he is still free to do so. Hurst v. Hurst, 100 U.S. App.D.C. 77, 242 F.2d 229 (1957). But we cannot consider the existence of an excuse for failure to comply with the order until such excuse is first presented to and passed upon by the trial court.

Affirmed.

1. D.C.Code 1961, §§ 30–301 to 30–324 (Supp. V, 1966).

2. Appellant has now been released on personal bond by the United States Court of Appeals for the District of Columbia Circuit, pending determination of this appeal, conditioned upon "resumption of support payments * * * within a reasonable period" after his release.