Francis ARMSTRONG and Sylvia Y.
Armstrong, Appellants,

v.

LEGAL AID SOCIETY for the District
of Columbia, Appellee.

No. 4435.

District of Columbia Court of Appeals.

Submitted Dec. 9, 1968.

Decided Feb. 25, 1969.

Bruce R. Harrison, Washington, D. C., for appellants.

James C. Toomey, Washington, D. C., for appellee.

Before MYERS, KELLY and GALLAGHER, Associate Judges.

KELLY, Associate Judge:

On May 12, 1965, in a divorce action by his former wife, appellant Francis Armstrong[1] was ordered to pay $25 per week for the support of their minor children. One year later, on May 11, 1966, two motions came on for hearing before the trial court, (1) the former wife's motion to adjudicate appellant in contempt for failure to comply with the order of May 12, 1965, and (2) appellant's motion to reduce the amount of the support payments. Both motions were granted, the court finding that appellant had failed or refused to make the required support payments although able to do so, but finding also that changed circumstances warranted the reduction of future support payments from $25 to $20 per week. For his contempt, appellant was sentenced to 15 days in jail with execution of his commitment stayed on condition.

That the plaintiff, Francis Armstrong, pay to the defendant, Doris Armstrong, through the Court, the regular weekly payment of $20.00 and, in addition there-

1. For purposes of clarity Francis Armstrong will be referred to as the appellant. The decision on his appeal con- trols in that of Sylvia Y. Armstrong, his present wife.

to, pay $2.50 per week on the arrears and costs until paid in full.

Thereafter, on October 11, 1966, the stay of execution was set aside upon motion ex parte because of appellant's continued failure to make the payments required by the order of May 11, and appellant was committed to jail for a period of 15 days.

The present suit for compensatory and punitive damages against appellee Legal Aid Society[2] purports to state a cause of action for false imprisonment, · abuse of process and/or malicious prosecution based upon a claim that the court was without jurisdiction to issue the order of commitment and that the order of commitment was obtained maliciously, without notice, by the former wife's attorney who knew or should have known the order was invalid.[3] This appeal is from the grant of appellee's motion for summary judgment.

When the contempt order of May 11, 1966 was entered support payments of $25 per week were found to be $504 in arrears. From that time, when future support payments were reduced to $20 per week, to the time of his commitment, appellant paid through the court the sum of $88. His damage action appears to be premised on the theory that when committed he was current in the payments of $2.50 on the arrears. And while admittedly he was not current on the support payments of $20 per week, it is appellant's position that the order of May 11, 1966 under which he was to make those payments had *superseded* the prior order of May 12, 1965, of which he had been held in contempt. He reasons, therefore, that the court was without power to condition the stay of execution upon his making the reduced payments of $20 per week and that before he could be committed for contempt of the order of May 11, 1966, a new motion had to be filed and,

after proper notice, a new hearing held. We do not agree.

The order of May 11, 1966 adjudicated appellant in contempt for failure to make support payments in the sum of $25 per week. It also, by its terms, *amended* the prior order of support to reduce future support payments from $25 per week to $20 per week. The commitment for contempt was stayed both on condition that appellant make the future weekly payments of $20 as they became due and, in addition, on condition that he pay $2.50 per week on the arrears. It was appellant's testimony on deposition that he understood the order required him to pay the total sum of $22.50 per week. He also testified that despite the fact that he was financially unable to make the payments as ordered by the court he never applied to the court for a further reduction in the amount to be paid. He simply took matters into his own hands and paid what he thought he could when he thought he could.

In Scott v. Scott, 127 U.S.App.D.C. 245, 382 F.2d 461 (1967),[4] a similar claim that the defendant-husband was entitled to an evidentiary hearing before his arrest and commitment for contempt was made. In that case the husband had been ordered to make support payments to the wife of $20 per week. Upon his failure to comply with the support order he was adjudged in contempt and committed to jail for 180 days, with a stay of execution conditioned upon making future $20 payments as they became due and upon paying $5 per week on the arrears. The stay of execution was thereafter set aside, upon ex parte application, and the husband ordered committed when he again became in arrears. Upon appeal, the order of commitment was affirmed.

The present case differs from *Scott* only in respect to the reduction, by amendment,

---

2. One of the appellee's staff attorneys represented the former wife.

3. Appellant's present wife claims damages for loss of consortium.

4. *Affirming* Scott v. Scott, D.C.App., 220 A.2d 95 (1966).

of support payments from $25 to $20 per week. We do not consider this difference significant. The order of May 11, 1966 was on the one hand an adjudication of contempt for failure to obey the court's original order of May 12, 1965 and on the other hand a modification of that order to reduce the amount of future support payments. No valid reason suggests itself why the court could not condition the stay of execution upon making future payments in a reduced amount when the same became due as well as upon payments on the arrears, nor why, in the absence of a motion for additional relief, a new hearing was required before the stay was set aside and appellant was committed to jail.

We hold that disposition of this case by way of summary judgment was proper.

Affirmed.