375 A.2d 191

COMMONWEALTH of Pennsylvania

v.

**Steven HEYWARD, Appellant.**

Superior Court of Pennsylvania.

Argued March 23, 1977.

Decided June 29, 1977.

466

Mead S. Spurio, Philadelphia, for appellant.

Robert A. Selig, Assistant District Attorney, with him William T. Nicholas, District Attorney, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted on nine charges, including receiving stolen property, possession of forged automobile title certificates, theft by receiving stolen property, unlawful use of a credit card, and possession of a controlled substance. These convictions rested in part on evidence seized from appellant's apartment. Appellant argues that the affidavit of probable cause in the warrant authorizing the search of his apartment did not contain sufficient information to support a finding of probable cause.

The relevant portion of the warrant read:

Probable cause belief is based on the following facts and circumstances: On July 23, 1975, the affiant, while investigating a possible abandoned vehicle at the Blair Mill Village East, found that the vehicle identification number on the said '74 Ford LTD had been reported stolen (VIN plate on dashboard), and that this vehicle was subsequently recovered without the dashboard; therefore indicating that the dashboard in the vehicle in question had been installed illegally.

The affiant also found that a second vehicle, (Ford LTD '75) had a VIN plate on the dashboard which likewise did not match the vehicle itself. This was learned through ownership tracing with Ford Marketing Corporation.

The first vehicle is known by complex residents to belong to Norman Heyward, and the second vehicle is known to be operated by Norman Heyward.

By authority of Motor Vehicle Code section # 303, the two vehicles were seized for further investigation. Search of the second vehicle ('75 Ford) revealed blank motor vehicle registration cards and applications, forged and/or stolen operator's licenses, and two title certificates (Control # s 9897103 and 9897135) which were stolen from Harrisburg on June 1, 1973 (PSP case # X–202).

Such certificates, blank registration cards and forged/stolen operators licenses indicate the operation of an Auto Theft and/or Fraud operation. The affiant has found that two vehicles operated by or in the possession of Norman Heyward, have altered or defaced VIN plates on the dashboards, and has found two stolen title certificates which were part of three hundred certificates stolen from the Bureau of Motor Vehicles, Harrisburg, Pa. on June 1, 1973.

Based on this investigation, the affiant believes that other such documents or forgeries of official documents are being stored in the apartment occupied by Norman and Steven Heyward.

An affidavit of probable cause must contain sufficient information to justify the conclusion that a crime has

been committed and that evidence or fruits of the crime may be found at the place to be searched. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969); *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); *Commonwealth v. Simmons,* 450 Pa. 624, 301 A.2d 819 (1973); *Commonwealth v. Kline,* 234 Pa.Super. 12, 335 A.2d 361 (1975) (JACOBS, PRICE, and VAN der VOORT, JJ., dissenting). Appellant concedes, and we have no difficulty in finding, that the affidavit here contained sufficient information to justify the conclusion that a crime had been committed in connection with the two automobiles in the apartment house parking lot. The difficulty arises in connecting this crime with appellant's apartment. Upon examining this difficulty, one will find three gaps in the information contained in the affidavit.

First, "probable cause to believe that a man has committed a crime on the street does not necessarily give rise to probable cause to search his home." *Commonwealth v. Kline, supra* 234 Pa.Super. at 17, 335 A.2d at 364. Here, the affidavit contained nothing to suggest that further evidence of an automobile theft operation would be found in appellant's apartment. True, the two stolen title certificates were part of a group of three hundred stolen from the Bureau of Motor Vehicles in Harrisburg. Of itself, however, this did not particularly suggest where the remaining 298 were to be found, especially since the theft of the three hundred had occurred over two years ago.

Second, for all the affidavit shows,[1] the affiant's knowledge of the name of the "owner" of the suspicious automobiles was based entirely on information from "complex residents." The affidavit supplied no underlying circumstances

1. At the suppression hearing the affiant testified that the glove compartment of one of the automobiles yielded a temporary registration certificate in the name of Norman Heyward. However, this information was not in the affiant's affidavit and therefore could not properly have been considered by the issuing authority. Pa.R. Crim.P. 2003; *Comm. v. Wilds,* 240 Pa.Super. 278, 284, 362 A.2d 273, 277 (1976).

from which the issuing authority could conclude that this information was probably accurate or that the information-givers were reliable. *Spinelli v. United States, supra.*[2]

Third, there is nothing in the affidavit to show a connection among the two automobiles, the "Norman Heyward" said to own the automobiles, and appellant's apartment. Beneath the description of "Premises . . . To Be Searched" there appears: "Name of Owner, Occupant or Possessor of Said Premises To Be Searched . . .: Norman Heyward and Steven Heyward (lessor)." The affidavit does not state how the affiant linked the name "Norman Heyward" with appellant's nor how he determined that "Norman Heyward" and appellant lived in the premises described. *Cf. Commonwealth v. DeLuca,* 230 Pa.Super. 390, 326 A.2d 463 (1974) (affiant learned suspect's telephone number from suspect, then verified suspect's name and address through telephone company and voter registration).[3]

Under the circumstances, we hold that the affidavit did not contain sufficient information to support the conclusion that evidence of crime would be found in the premises

**2.** As may be guessed by our description of the residents as "information-givers," we recognize that this is not strictly a *Spinelli* case, *i. e.,* it does not involve a warrant based in whole or in part on a tip from an informant. The standards of reliability and accuracy may be lower for such "information-givers," *see Comm. v. Cosby,* 234 Pa.Super. 1, 6, 335 A.2d 531, 534 (1975); *Comm. v. Kline, supra,* 234 Pa.Super. at 15, 335 A.2d at 363. Nevertheless, there must be some corroborating detail. Here there was none.

**3.** At the suppression hearing the affiant testified as follows:
> The witness and the complainants at the time advised me that the vehicle belonged to a gentleman who lived on the other side of the building in the first cubicle of the apartments and this was pointed out and found to be 217M, that's the apartment number. I checked with the rental office and this apartment was leased to a Steven Heyward.

Again, however, this information was not in the affidavit. *See* note 1 *supra.*

470

described. Therefore the evidence obtained by search under the warrant should have been suppressed.

Judgment of sentence reversed and new trial granted.

WATKINS, President Judge, and PRICE and VAN der VOORT, JJ., dissent.