**Mary Anne D. DeFEO, Petitioner,**

v.

**Warren W. DeFEO, Respondent.**

Family Court of Delaware,
New Castle County.

Submitted Feb. 7, 1981.

Decided March 2, 1981.

Andrew T. Semmelman, Wilmington, for petitioner.

John J. Thompson, Wilmington, for respondent.

GALLAGHER, Judge.

Before the court is respondent's motion for review de novo [1] of a disposition entered by a master. After a hearing, counsel submitted memoranda concerning the court's authority retroactively to modify an order for child support and, consequently, to adjust or cancel child support arrears accruing

---

1. The moving paper is designated "appeal" but that is not a proper designation. It should be review de novo. See 10 *Del.C.* § 913(c).

*before* the filing of a petition or motion for modification of that order.[2]

On January 22, 1979, the parties entered into a separation agreement obligating respondent to pay petitioner $150 each week for the support of two minor children, with a proviso that petitioner might, in her discretion, require that the support payments be made through the Camden County Probation Department. On March 13, 1979, the County Juvenile Domestic Relations Court of Camden, New Jersey, ordered respondent to pay $150 weekly to petitioner, beginning on March 22, 1979. On December 12, 1979, respondent was laid off from his employment.[3] He began receiving weekly unemployment benefits of $89 on December 25, 1979. In February and March 1980, respondent worked part-time and received undisclosed earnings. In April 1980, he returned to work full-time, netting $181 a week.

On January 4, 1980, petitioner filed her petition in New Jersey under the New Jersey Uniform Reciprocal Enforcement of Support Act (URESA)[4] for enforcement of the support order. On April 30, 1980, the petition and accompanying papers were filed with this court under URESA; but it was not until June 1980, that respondent was notified that the reciprocal support petition had been filed here.

On July 11, 1980, respondent moved for an order abating and eliminating the support arrears because of his unemployment and reduced income. On August 12, 1980, a master of this court reduced respondent's support obligation from $150 a week to $57.65 a week, effective August 4, 1980. At that time respondent's net monthly income was $784.59, while petitioner's net monthly income was $558.74. The order specified that there would be a further hearing respecting arrears.

On November 13, 1980, a master modified the August 12, 1980 disposition, recommending that the beginning date for the new support payment be June 1, 1980,[5] instead of August 4, 1980, and abating support arrears as of April 30, 1980 (the date the petition was filed in Delaware). This disposition will now be redetermined de novo.

1.

Respondent contends that the court should reduce and recompute his support obligation to that which would be owed under the *Melson* formula[6] from the time he was laid off from his employment on December 12, 1979. He relies upon the court's broad equitable powers under 10 *Del.C.* § 925(15),[7] asserting that a support order entered in excess of *Melson* within the period in question is unfairly burdensome. Respondent suggests that had he filed his application for modification when he lost his job the support payments would have been reduced; therefore, he argues, the computation of arrears should be made as if he had done so.

2. Respondent objected to petitioner raising issues before this judge not previously raised before the master. The point is not well taken. On a review de novo the entire controversy is heard and examined anew as though it had never been heard and examined before. Compare, *In re Will of Collins*, Del.Super., 251 A.2d 345 (1969); *Nichols v. Vinson*, Del.Super., 32 A. 225 (1891).

3. When respondent lost his job he stated that he contacted the Camden County Probation Department (to whom he was making support payments pursuant to the agreement), and was told that because his income was reduced he should pay whatever he could afford. Such advice might be pertinent if the court were considering a contempt citation. Otherwise, it is not significant.

4. URESA is applicable in New Jersey and Delaware. See, *N.J. Rev. Stat.* § 2A:4–30; 13 *Del.C.* §§ 601–639.

5. I believe that this was an error and the date should have been May 1, 1980.

6. The formula this court has adopted as a guide for determining child support. I do have difficulty with a proposal that support due under a New Jersey order be recomputed under the *Melson* or Delaware formula never applicable in the first instance.

7. "In any civil action where jurisdiction is otherwise conferred upon the Family Court, it may enter such orders against any party to the action as the principles of equity appear to require."

Petitioner contends that relief can only be granted retroactive to the date the motion for modification was filed and that the court has no power or authority to reach back beyond that day to adjust support arrears. Otherwise, says petitioner, the court would be setting aside final orders, relying upon *Whitt v. Whitt*, 276 Ala. 685, 166 So.2d 413 (1964), wherein it was held that child support installments become "final judgments" on the date they become due and collectible. Petitioner also maintains that respondent was not justified in sitting idly by, watching the support arrears accumulate, since, if he desired their abatement, he had a positive duty to file an appropriate petition or motion for relief with the New Jersey Court, citing *Quist v. Quist*, 207 Minn. 257, 290 N.W. 561 (1940).

■ An order for child support only operates *in praesenti* and prospectively. Such an order is always subject to review on a showing of changed circumstances. Compare, *State v. Nixon*, Del.Gen.Sess., 45 A.2d 538, 540 (1945). Under URESA, the court of the responding state (here Delaware) has the power to issue an independent *future order* fixing a different amount of support from that set by the court of the initiating state (here New Jersey). *Ainbender v. Ainbender*, Del.Super., 344 A.2d 263, 265 (1975). But can a child support order be modified *retroactively* to a point in time earlier than the date of the filing of the petition or motion for modification? While there is no dispute that retroactive effect can reach back to the date of the filing of the petition or motion for modification, the parties disagree as to the power of the court to modify an order earlier than that time.

No statute answers this question. The only statute that bears any relevance is 10 *Del.C.* § 925(15), cited before, permitting the court to enter such orders as the principles of equity appear to require.

There are certain checks and balances inherent in a support order viewed prospectively. Either party, by moving for modification, may fix a point in time for measuring the prospective effect of a support order. The relevant evidence is then fresh and readily available. But an application for retroactive consideration of a support order presents an entirely different problem. Such an application seeks to fix a point or points earlier in time for measuring the effects of an order, determining circumstances now past, perhaps long past, where the evidence may be stale, hard to come by and difficult fairly to evaluate in an economy terribly disjointed by double digit inflation. The support obligee might be called upon to accept greatly depreciated dollars (if they are ever paid) to liquidate yesterday's bills or as reimbursement for past expenditures made while the support obligor was not providing the support dollars ordered by the court. Thus, while some authorities indicate that a court may modify or even cancel child support arrears in a proper case,[8] I adopt and declare the better rule to be that retroactive modification of arrears shall not extend beyond the date the petition or motion for modification was filed. This is the rule adopted by this court for making a support order retroactive.[9] Logic dictates that the rule for modifying or abating support arrears should be the same.

In *Rhodes v. Gilpin*, D.C.App., 264 A.2d 497, 500, the District of Columbia Court of Appeal stated the rule as follows:

> " . . . Neither can the court retroactively consider a claim by the husband that changed circumstances make continuation of payments difficult.

---

8. In Pennsylvania, pursuant to 17 *P.S.* § 263, the courts have acted to modify or abate support arrears. See, *Commonwealth v. Heyward*, 248 Pa.Super. 465, 375 A.2d 191 (1971), citing *Commonwealth v. Rosenberger*, 212 Pa.Super. 144, 239 A.2d 810 (1968). There is also a holding in Maryland that equity has inherent power to modify or cancel child support ar-

rears. See, *Kemp v. Kemp*, 42 Md.App. 90, 399 A.2d 923 (1979).

9. Of course reimbursement of accumulated bills incurred in the past may be ordered by the court. Compare, *Wilderman v. Wilderman*, Del.Ch., 330 A.2d 149 (1974).

When the order of support was entered, appellant was bound to obey it until it was modified by the court. * * If appellant felt that because of physical disability, or for any other reason, he was not able to comply with the order, he should have applied to the court for a modification of the order. * * * This he did not do. *Scott v. Scott*, D.C.App., 220 A.2d 95, 95 (1966), aff'd, 127 U.S.App.D.C. 245, 382 F.2d 461 (1967). However, once an application for modification is filed with the court, it 'may in its discretion reduce or cancel, at a later date, periodic installments of payments for maintenance as of the date when application for such relief is made.' *Fioravanti v. Fioravanti*, 98 U.S.App.D.C. 23, 231 F.2d 776 (1956) (emphasis added)."

■ Here, respondent did nothing while the support arrears accrued. The master abated the arrears as of the date the reciprocal support petition was filed in Delaware, reasoning that that was the earliest date respondent could have moved for relief. But nothing prevented respondent from moving for relief from the New Jersey order in the New Jersey court.

■ Accordingly, I hold that the court's power and authority to modify or cancel support arrears retroactively, just as the power and authority to make a support order retroactive, does not extend beyond the date that a petition or motion for relief was filed with the court.

## 2.

By and large I agree with the master's determination of arrears. The total arrears though August 4, 1980, are $5,050. Respondent, from April 17, 1980 through August 4, 1980, paid $280 reducing the arrears to $4,770. Respondent is also entitled to a credit for five payments of $92.35 each to the date the petition was filed for a total of $462, further reducing the arrears to $4,038. The master also made an allowance for extraordinary medical expenses amounting to $338. The court agrees that such allowance is warranted. Thus, the arrears total $3,970.

This opinion is being effectuated by separate order.